UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


UNITED STATES OF AMERICA )
)
v. )        3:09-CR-0067-RLM
)
SUZANNE McCRAY (03) )


## PETITION TO ENTER GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1.      My full true name is Suzanne McCray and I request that all proceedings against

me be had in the name which I here declare to be my true name.

2.      I have attended school and I have the ability to read, write, and speak the English

language.

3.      I am represented by counsel and my lawyer's name is Robert D. Truitt.

4.      I have received a copy of the four-count Indictment filed in June 2009 and have

read and discussed it with my lawyer, and believe and feel that I understand every accusation

made against me in this case.

5.      I have told my lawyer the facts and surrounding circumstances as known to me

concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully

informed as to all such matters.  My lawyer has since informed me and has counseled and

advised me as to the nature and cause of every accusation against me and as to any possible

defenses I might have in this case.

6.      I understand that I am entitled to have all of my rights which may be involved in

this matter explained to me, and that I have the right to have any questions I may have answered

for me.

7.      I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a)     the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana, which must return a unanimous verdict of GUILTY before I can be convicted;

    (b)     the right to be released on reasonable bail until my trial occurs;

    (c)     the right to see, hear, and cross-examine all the witnesses against me at my trial;

    (d)     the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

    (e)     the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

    (f)     the right not to testify without prejudice; and,

    (g)     that in the event that I should be found GUILTY of the charge against me, the right to appeal my conviction on such charge to a higher court.

8.      I understand that if I plead GUILTY, I waive the right to trial by jury and all of the other rights mentioned above.

9.      Notwithstanding the existence of the rights mentioned above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

    (a)     I agree to plead guilty to Count 2 of the Indictment, which charges me with knowingly transporting stolen firearms from Indiana to Illinois. I agree to plead guilty to this charge because I am in fact guilty of this offense.

    (b)     I admit that, on or about March 25, 2009, in the Northern District of Indiana, I knowingly transported and shipped in interstate commerce,

from Indiana to Illinois, stolen firearms, knowing and having reasonable cause to know the firearms were stolen.

Particularly, on or about March 25, 2009, Jacob Fry contacted me and requested that I drive him to Chicago to sell some handguns that he possessed. I met Fry and Coty Fultz in Logansport, Indiana, and drove them to Chicago, Illinois. During the drive to Chicago, Fry told me that he and Fultz had stolen the guns, which were in a duffel bag that they had brought into the car. While we were in the car, I contacted a man I know regarding the guns, and he had another individual call me to purchase the guns. Fry spoke to this individual on the telephone and arranged a location to meet the individual and sell the guns. When we reached the location, I left my car and bought illegal narcotics for Fry, using money he gave to me. When I returned to the car, Fry informed me that the guns had been stolen from him as he attempted to sell them.

(c)     I understand that the maximum penalties for a violation of Title 18, United States Code, Sections 922(i) and 924(a)(2), as charged in the Indictment are: ten years' imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, a three-year period of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100.

(d)     I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

(e)     I agree to waive all rights, whether asserted directly or through a
        representative, to request or receive from the United States any further
        records, reports, or documents pertaining to the investigation or
        prosecution of this matter.  This waiver includes, but is not limited to,
        rights conferred by the Freedom of Information Act and the Privacy Act of
        1974.  Further, I acknowledge that I have received all discovery required
        by law prior to the entry of this plea and that I have reviewed same with
        my attorney.

(f)     I agree that my agreement with the United States Attorney's Office for the
        Northern District of Indiana has been entered into with the understanding
        that I have been and will continue to be honest, candid, and truthful in my
        cooperation.  If the United States Attorney's Office for the Northern
        District of Indiana later determines that I have not been honest, candid, or
        truthful, it can petition the Court to declare this agreement to be null and
        void.

(g)     I agree to pay the $100 special assessment that I owe at the time of my
        sentencing in this matter.

(h)     The United States Attorney's Office for the Northern District of Indiana
        agrees that in recognition of my acceptance of responsibility for my
        offense conduct, I am entitled to a reduction in the offense level under
        Guideline § 3E1.1; however, the government's obligation to recommend
        acceptance of responsibility under this plea agreement is contingent upon
        my continuing manifestation of acceptance of responsibility.  Should I
        deny my involvement, give conflicting statements of my involvement, or
        engage in additional criminal conduct including any personal use of
        controlled substances, the government shall not be bound to recommend
        any reduction in offense level for acceptance of responsibility.  I
        understand that the government's recommendation in this respect is a non-
        binding recommendation and that the Court makes the final decision
        whether to reduce my offense level at all and to what extent for acceptance
        of responsibility.  The United States Attorney's Office for the Northern
        District of Indiana agrees that it will make an appropriate motion for a
        third level of acceptance of responsibility reduction indicating timely
        acceptance of responsibility as long as I continue to manifest full and
        complete acceptance of responsibility.

(i)     The United States Attorney's Office for the Northern District of Indiana
        agrees not to bring any additional criminal charges against me based on

information that has been disclosed during any Rule 11 proffers involving or relating to my activity with stolen guns prior to signing this agreement. The United States Attorney's Office for the Northern District of Indiana will seek and support immunity for me in other federal and state jurisdictions for activities related to my drug trafficking criminal activities that have been disclosed during my Rule 11 proffers. However, I understand that this agreement does not protect me in any way from perjury or for giving false statements, or for testifying falsely in any grand jury or judicial proceedings.

I have and will continue to discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney's Office for the Northern District of Indiana as well as officers of the Logansport Police Department, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and any other law enforcement agency if requested to do so by the United States Attorney's Office for the Northern District of Indiana.

If requested to do so by the United States Attorney's Office for the Northern District of Indiana, I will testify truthfully, candidly, and completely in grand jury proceedings in the Northern District of Indiana and elsewhere. Also, if requested to do so, I will testify truthfully, candidly and completely in any trials or other judicial proceedings.

In addition, I will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as I possess or is under my control.

(j) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor

have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13.     I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

s/Suzanne McCray
Suzanne McCray
Defendant

s/Robert D. Truitt
Robert D. Truitt
Attorney for Defendant

APPROVED:

      DAVID CAPP
      UNITED STATES ATTORNEY

By:     s/Jesse M. Barrett
      Jesse M. Barrett
      Assistant United States Attorney