UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
       **Plaintiff**

v.         Case Number 3:09-CR-00067(03)RM

USM Number 10284-027

**SUZANNE MCCRAY**
       **Defendant**

ROBERT D TRUITT - FCD
Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count(s) 2 of the Indictment on 09/11/2009

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:922(I) and 924(a)2) INTERSTATE TRANSPORT OF STOLEN FIREARMS | March 25, 2009 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 1 of the Indictment is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

March 8, 2010
Date of Imposition of Judgment

/s/ Robert L. Miller, Jr.
Signature of Judge

Robert L. Miller, Jr.,
 United States District Judge
Name and Title of Judge

March 9, 2010
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 months**.

The Court makes the following recommendations to the Bureau of Prisons:

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **not later than 9:00 A.M. on May 17, 2010** as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.

 

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

# SPECIAL CONDITIONS OF SUPERVISION

The restitution obligation shall be paid in a joint and several liability with co-defendants Jacob Fry (01 and Coty Fultz (02);

Restitution shall be paid at a minimum rate of $50.00 per month, commencing thirty (30) days after placement on supervision, until said amount is paid in full. If at any time this defendant's restitution payments combine with restitution made on these claims by any other person to amount of $7,854.99, together with interest required by law, this defendant shall have no further obligation to make restitution under this order;

The defendant shall pay any financial penalty imposed by this judgment and that remains unpaid at the commencement of the term of supervised release;

The defendant shall provide the probation officer with access to any requested financial information;

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the installment payment schedule;

The defendant shall participate in a drug aftercare treatment program under a co-payment plan, which may include urine testing for the detection of drugs of abuse at the direction and discretion of the probation officer. The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment;

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the no excessive use of alcohol language in Standard Condition #7;

The defendant shall participate in an approved job skill training program at the direction of the probation officer, within the first ninety (90) days of placement on supervision; and

The defendant shall participate in an approved vocational certification course at the direction of the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | | **$7,854.99** |

The special assessment shall be made payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Building, 204 S. Main Street, South Bend, Indiana 46601. The special assessment shall be due immediately.

## RESTITUTION

Restitution in the amount of $7,854.99 is hereby imposed.

The defendant shall make restitution payments payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for disbursement to the following payee in the amount listed below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Frankenmuth Mutual Insurance Company | | $7,854.99 | |
| **Totals** | | $7,854.99 | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal and (3) restitution interest.
,